UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Timothy Jude Spires, Jr., # 248571, ) | C/A No. 9:09-1531-CMC-BM |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Report and Recommendation |
| ) | |
| Gregory Knowlin, Warden, ) | |
| ) | |
| Respondent. ) | |
| ) | |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 has been submitted to the Court *pro se* by a state prison inmate. Petitioner asks this Court to vacate a conviction and sentence for assault and battery of a high and aggravated nature entered on a guilty plea in Richland County in February 2008. Petitioner raises one ground in his Petition: lack of subject matter jurisdiction to accept the plea in the state court. It is apparent from the face of the Petition that Petitioner never filed a direct appeal with the South Carolina appellate courts from his conviction and sentence, nor did he pursue an Application for Post-Conviction Relief (APCR) with the Court of Common Pleas of Richland County prior to submitting his federal Petition to this Court.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case, pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.

1

1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972); *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). However, even when considered under this less stringent standard, the Petition submitted in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

The Petition for a Writ of Habeas Corpus filed in this case should be dismissed because Petitioner has obviously not fully exhausted his state court remedies. With respect to his 2008 Richland County conviction and sentence, Petitioner's sole federal remedies are a writ of habeas corpus under 28 U.S.C. § 2254 and possibly, but less commonly, a writ habeas corpus under 28 U.S.C. § 2241, either of which can be sought only after Petitioner has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973)(exhaustion also required under 28 U.S.C. § 2241); *Picard v. Connor*, 404 U.S. 270 (1971); *Moore v. De Young*, 515 F.2d 437, 442-43 (3d Cir. 1975)(exhaustion required under 28 U.S.C. § 2241). Exhaustion "preserves the respective roles of state and federal governments and avoids unnecessary collisions between sovereign powers. States are allowed to vindicate their interest in prompt and orderly administration of justice, while the federal judiciary upholds its responsibility to prevent the exercise of illegitimate authority." *Fain v. Duff*, 488 F.2d 218, 224 (5th Cir. 1973)(citing *Braden*). This doctrine requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to the state's highest court for consideration. *See Picard v. Connor*, 404 U.S. at 276.

Section 2254's exhaustion requirement provides:

2

(b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that —

> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B) (i) there is an absence of available State corrective process; or
>  (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

§ 2254(b), (c).

However, as noted above, it does not appear from the allegations contained in the Petition that Petitioner filed a direct appeal of his Richland County conviction and sentence to the South Carolina state appellate courts, nor does it appear that he filed a PCR application directed to his 2008 conviction in the Richland County courts.[1]  As a result, the ground for habeas relief raised in the Petition filed in this case has not yet been considered and addressed by courts of the State of South Carolina.

If Petitioner already has a direct appeal pending in a state appellate court, he needs to pursue it to completion before filing a PCR case in Richland County.  If Petitioner failed to file a direct

---

[1] The United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act, S.C. Code Ann. §§ 17-27-10 *et seq.*, is a viable state-court remedy. *Miller v. Harvey*, 566 F.2d 879, 880-81 (4th Cir. 1977); *Patterson v. Leeke*, 556 F.2d 1168, 1170-73 & n. 1 (4th Cir. 1977).

3

appeal within the time the permitted by South Carolina law, it is possible that he may be able to receive belated appellate review if a post-conviction court finds that the deprivation of the direct appeal was based on an attorney's failure to preserve the prisoner's right to an appeal. *See, e.g., Sumpter v. State*, 312 S.C. 221, 439 S.E.2d 842 (1994); Sims v. State, 313 S.C. 420, 438 S.E.2d 253 (1993); *Gossett v. State*, 300 S.C. 473, 388 S.E.2d 804, 805-07 (1990); *Davis v. State*, 288 S.C. 290, 342 S.E.2d 60 (1986); *White v. State*, 263 S.C. 110, 208 S.E.2d 35 (1974). To seek a belated appeal, if necessary, Petitioner should file a PCR application in the Court of Common Pleas for Richland County. Petitioner can obtain PCR forms from the Clerk of Court for Richland County, or from the South Carolina Attorney General's Office, whose mailing address is Post Office Box 11549, Columbia, South Carolina 29211.

If Petitioner files a PCR application which is later denied by the Court of Common Pleas for Richland County, he *must* then seek state appellate review of that PCR denial before he can be said to have exhausted his available state remedies. Review of PCR denials is sought in state appellate courts by way of petition for writ of certiorari as provided under South Carolina Appellate Court Rule 227 and Section 17-27-100 of the South Carolina Code of Laws.[2] Such review must be sought and completed by a state prisoner or else federal collateral review (under either 28 U.S.C. § 2254 or § 2241) of the grounds raised in the PCR application will be barred by a procedural default. *See*

---

[2] After filing a petition for writ of certiorari in the South Carolina Supreme Court, the petition will, in many cases, be transferred for consideration to the South Carolina Court of Appeals pursuant to SCACR 227(l). If the case is transferred to the Court of Appeals, that case is the final step that Plaintiff must take in order to fully exhaust his state court remedies under § 2254. *See State v. McKennedy*, 559 S.E.2d 850, 854 (S.C. 2002)(after review of a conviction by the Court of Appeals, no need to go through another petition for writ of certiorari to state supreme court under SCACR 226 to fully exhaust state remedies in federal habeas actions);*see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S. E. 2d 454 (S.C. 1990)(same; rule applies in both criminal appeals and post-conviction relief cases).

4

*Whitley v. Bair*, 802 F.2d 1487, 1500 n. 27 (4th Cir. 1986); *Mason v. Procunier*, 748 F.2d 852, 853-54 (4th Cir. 1984); *Strader v. Allsbrook*, 656 F.2d 67, 68 (4th Cir. 1981).

Since it is clear from the face of the pleadings in this case that Petitioner may still pursue several state court remedies (direct appeal, PCR, appellate review of PCR) which have not been fully utilized, this Court should not keep this case on its docket while Petitioner is exhausting his state remedies. *See Galloway v. Stephenson*, 510 F. Supp. 840, 846 (M.D. N.C. 1981)("When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition."). Rather, dismissal without prejudice is appropriate.

## **RECOMMENDATION**

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus filed in this case be dismissed *without prejudice* and without issuance and service of process upon Respondent. *See Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that petitioner's claims are either barred from review or without merit); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return).

Petitioner's attention is directed to the important notice on the next page.

_____
Bristow Marchant



United States Magistrate Judge

June  16  , 2009
Charleston, South Carolina



6

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).



7